# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ERIN SHYR and MARIA CURRIE, | ) ) ) | |
|   Plaintiffs, | ) ) | |
|      v. | ) ) | CIVIL ACTION NO. 1:16-cv-11124-DJC |
| TRUSTEES OF BOSTON UNIVERSITY and ERIC RUSKE, | ) ) ) ) | |
|   Defendants. | ) ) | |

## **ANSWER TO COMPLAINT**

### INTRODUCTION

Defendants Trustees of Boston University and Eric Ruske ("Defendants") hereby respond to the numbered paragraphs in the Complaint as follows, below.

1. Paragraph 1 asserts legal conclusions to which a responsive pleading is not required, but to the extent it contains allegations of fact, they are denied.

2. Defendants have no basis to affirm or deny the allegations contained in Paragraph 2, and therefore deny same.

3. Defendants have no basis to affirm or deny the allegations contained in Paragraph 3, and therefore deny same.

4. Admitted.

5. Admitted.

6. Defendants admit that the University has been the subject of an investigation by the Office for Civil Rights related to its compliance with Title IX, which commenced in December 2013, and deny the remaining allegations in Paragraph 6.

7. Denied.

8. Denied.

9. Denied.

#M673TYJD0D19NTv1

10. Admitted with respect to BU's sexual harassment policies. To the extent the allegations in Paragraph 10 refer to other policies, they are denied.

11. Admitted.

12. Admitted with respect to the new sexual harassment policy implemented as of January 2015. To the extent the allegations in Paragraph 12 refer to other policies, they are denied.

13. Denied.

14. Denied.

15. Denied.

16(i). Denied.

16(ii). Admitted, with the clarification that the alleged assault did not occur on a "concert tour."

16(iii). Defendants have no basis to affirm or deny the allegations contained in Paragraph 16 (iii), and therefore deny same.

16(iv). Admitted.

16(v). Defendants have no basis to affirm or deny the allegations contained in Paragraph 16 (v), and therefore deny same.

17. Admitted with respect to the time period 2013 - 2014. To the extent the allegations in Paragraph 17 refer to other time periods, they are denied.

18. Admitted that Sarah Bellott was the Student Services Coordinator, with the clarification that she was in the School of Music.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted, with the clarification that Ruske took the top prize at two such competitions, not three.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted that Ruske has received grants from several domestic grantmakers, including BU. The remaining allegations of Paragraph 30 are denied.

31. Defendants have no basis to affirm or deny the allegations contained in Paragraph 31, and therefore deny same

32. Admitted.

33. Admitted.

34. Admitted.

35. Denied.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Defendants have no basis to affirm or deny the allegations contained in Paragraph 40, and therefore deny same.

41. Defendants have no basis to affirm or deny the allegations contained in Paragraph 41, and therefore deny same.

42. Admitted, except that the allegation that Ruske "looked MARIA up and down" is denied.

43. Defendants have no basis to affirm or deny the allegations contained in Paragraph 43, and therefore deny same.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Denied.

54. Denied.

55. Admitted that Plaintiff Currie ended the meeting. The remaining allegations in Paragraph 55 are denied.

56. Admitted.

57. Admitted.

58. Defendants have no basis to affirm or deny the allegations contained in Paragraph 58, and therefore deny same.

59. Admitted.

60. Admitted.

61. Admitted that Plaintiff Currie sent Ruske a text message saying thank you. Defendants have no basis to affirm or deny the remaining allegations contained in Paragraph 61, and therefore deny same.

62. Admitted.

63. Defendants have no basis to affirm or deny the allegations contained in Paragraph 63, and therefore deny same.

64. Admitted.

65. Admitted.

66. Admitted.

67. Defendants have no basis to affirm or deny the allegations contained in Paragraph 67, and therefore deny same.

68. Denied.

69. Defendants have no basis to affirm or deny the allegations contained in Paragraph 69, and therefore deny same.

70. Admitted.

71. Admitted.

72. Defendants have no basis to affirm or deny the allegations contained in Paragraph 72, and therefore deny same.

73. Denied.

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted.

78. Defendants admit that Bellot met with Plaintiff Currie at some point in time. Defendants have no basis to affirm or deny the remaining allegations contained in Paragraph 78, and therefore deny same.

79. Denied.

80. Defendants have no basis to affirm or deny the allegations contained in Paragraph 80, and therefore deny same.

81. Defendants have no basis to affirm or deny the allegations contained in Paragraph 81, and therefore deny same.

82. Denied.

83. Denied.

84. Defendants have no basis to affirm or deny the allegations contained in Paragraph 84, and therefore deny same.

85. Admitted.

86. Admitted.

87. Admitted.

88. Denied.

89. Admitted.

90. Admitted.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted.

95. Admitted.

96. Admitted.

97. Admitted.

98. Admitted.

99. Defendants have no basis to affirm or deny the allegations contained in Paragraph 99, and therefore deny same.

100. Denied.

101. Defendants have no basis to affirm or deny the allegations contained in Paragraph 101, and therefore deny same.

102. Admitted.

103. Admitted.

104. Admitted that Plaintiff Shyr sent the quoted email. Defendants have no basis to affirm or deny the remaining allegations contained in Paragraph 104, and therefore deny same.

105. Defendants admit that Ruske sent an email as described, and deny that the email constituted an acknowledgement of inappropriate behavior.

106. Denied.

107. Defendants have no basis to affirm or deny the allegations contained in Paragraph 107, and therefore deny same.

108. Denied.

109. Denied.

110. Denied.

111. Admitted.

112. Paragraph 112 references a document which speaks for itself. To the extent that Paragraph 112 contains allegations that are inconsistent therewith, they are denied.

113. Admitted.

114. Admitted.

115. Paragraph 115 references a document which speaks for itself. To the extent that Paragraph 115 contains allegations that are inconsistent therewith, they are denied.

116. Paragraph 116 references a document which speaks for itself. To the extent that Paragraph 116 contains allegations that are inconsistent therewith, they are denied.

117. Admitted.

118. Denied.

119: Defendants have no basis to affirm or deny the allegations contained in Paragraph 119, and therefore deny same.

120. Defendants have no basis to affirm or deny the allegations contained in Paragraph 120, and therefore deny same.

121. Defendants have no basis to affirm or deny the allegations contained in Paragraph 121, and therefore deny same.

122. Defendants have no basis to affirm or deny the allegations contained in Paragraph 122, and therefore deny same.

123. Defendants have no basis to affirm or deny the allegations contained in Paragraph 123, and therefore deny same.

124. Defendants have no basis to affirm or deny the allegations contained in Paragraph 124, and therefore deny same.

125. Defendants have no basis to affirm or deny the allegations contained in Paragraph 125, and therefore deny same.

126. Defendants have no basis to affirm or deny the allegations contained in Paragraph 126, and therefore deny same.

127. Defendants have no basis to affirm or deny the allegations contained in Paragraph 127, and therefore deny same.

128. Defendants admit that Plaintiff Shyr emailed Mitro on April 8, 2014, and deny the remaining allegations in Paragraph 128.

129. Admitted.

130. Admitted.

131. Admitted, with the clarification that this meeting took place on April 18, 2014.

132. Admitted that Plaintiff Shyr met with Mitro and Druckman on April 18, 2014. The remaining allegations of Paragraph 132 are denied.

133. Denied.

134. Defendants have no basis to affirm or deny the allegations contained in Paragraph 134, and therefore deny same.

135. Defendants have no basis to affirm or deny the allegations contained in Paragraph 135, and therefore deny same.

136. Denied.

137. Denied.

138. Admitted.

139. Denied.

140. Admitted.

141. Admitted.

142. Admitted.

143. Paragraph 143 references a document which speaks for itself. To the extent that Paragraph 143 contains allegations that are inconsistent therewith, they are denied.

144. Paragraph 144 references a document which speaks for itself. To the extent that Paragraph 144 contains allegations that are inconsistent therewith, they are denied.

145. Paragraph 145 references a document which speaks for itself. To the extent that Paragraph 145 contains allegations that are inconsistent therewith, they are denied.

146. Paragraph 146 references a document which speaks for itself. To the extent that Paragraph 146 contains allegations that are inconsistent therewith, they are denied.

147. Paragraph 147 references a document which speaks for itself. To the extent that Paragraph 147 contains allegations that are inconsistent therewith, they are denied.

148. Paragraph 148 references a document which speaks for itself. To the extent that Paragraph 148 contains allegations that are inconsistent therewith, they are denied.

149. Paragraph 149 references a document which speaks for itself. To the extent that Paragraph 149 contains allegations that are inconsistent therewith, they are denied.

150. Admitted.

151. Admitted that Plaintiff Shyr contacted Mitro on or about April 8, 2014, to set up a time to meet. Defendants have no basis to affirm or deny the remaining allegations contained in Paragraph 151, and therefore deny same.

152. Admitted that Plaintiff Shyr expressed concerns for her grade. Defendants have no basis to affirm or deny the remaining allegations contained in Paragraph 152, and therefore deny same.

153. Defendants have no basis to affirm or deny the allegations contained in Paragraph 153, and therefore deny same.

154. Denied.

155. Denied.

156. Denied.

157. Defendants have no basis to affirm or deny the allegations contained in Paragraph 157, and therefore deny same.

158. Admitted.

159. Admitted.

160. Admitted.

161. Defendants admit that Cornell reviewed the grades and informed Plaintiff Shyr that she had received the appropriate grade. The remaining allegations in Paragraph 161 are denied.

162. Denied.

163. Defendants admit that Professor Roe contacted Cornell about Plaintiff Shyr, and deny the remaining allegations in Paragraph 163.

164. Denied.

165. Admitted.

166. Admitted.

167. Denied.

168. Admitted that Plaintiff Currie contacted Dean of Students Kenneth Elmore in July 2014. The remaining allegations in Paragraph 168 are denied.

169. Admitted.

170. Admitted.

171. Admitted.

172. Admitted that Elmore referred Plaintiff Currie to Randall. The remaining allegations in Paragraph 172 are denied.

173. Admitted, with the clarification that the contact occurred on July 11, 2014.

174. Admitted that Mitro and Druckman met with Plaintiff Currie on July 17, 2014. The remaining allegations in Paragraph 174 are denied.

175. Admitted that Plaintiff Currie provided text messages and emails. The remaining allegations in Paragraph 175 are denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Admitted that Mitro and Druckman told Plaintiff Currie that they would follow up with Ruske. The remaining allegations in Paragraph 180 are denied.

181. Defendants have no basis to affirm or deny the allegations contained in Paragraph 181, and therefore deny same.

182. Admitted that Plaintiff Shyr contacted Randall. Defendants have no basis to affirm or deny the remaining allegations contained in Paragraph 182, and therefore deny same.

183. Denied.

184. Admitted. To the extent that Paragraph 184 alleges that their complaints were "consolidated," this allegation is denied.

185. Denied.

186. Admitted.

187. Admitted that BU selected Lynne Allen as Interim Dean of the CFA. The remaining allegations of Paragraph 187 are denied.

188. Admitted that Allen contacted Plaintiff Shyr in the spring of 2015. The remaining allegations in Paragraph 188 are denied.

189. Admitted that Allen and Plaintiff Shyr spoke on the telephone in June 2015.

190. Admitted.

191. Denied.

192. Denied.

193. Denied.

194. Admitted that Plaintiff Shyr told Allen that Ruske had had a consensual relationship with a masters student. The remaining allegations in Paragraph 194 are denied.

195. Admitted.

196. Admitted.

197. Defendants have no basis to affirm or deny the allegations contained in Paragraph 197, and therefore deny same.

198. Defendants have no basis to affirm or deny the allegations contained in Paragraph 198, and therefore deny same.

199. Defendants have no basis to affirm or deny the allegations contained in Paragraph 199, and therefore deny same.

200. Defendants have no basis to affirm or deny the allegations contained in Paragraph 200, and therefore deny same.

201. Admitted that Plaintiff Shyr requested a meeting with Allen. The remaining allegations in Paragraph 201 are denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Admitted, with the clarification that Ruske is currently Director of the Horn Workshop.

213. Admitted that Ruske attracts grant money and enjoys an international reputation of excellence as a musician. The remaining allegations in Paragraph 213 are denied.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Defendants have no basis to affirm or deny the allegations contained in Paragraph 219, and therefore deny same.

220. Defendants have no basis to affirm or deny the allegations contained in Paragraph 220, and therefore deny same.

221. Denied.

222. Defendants have no basis to affirm or deny the allegations contained in Paragraph 222, and therefore deny same.

223. Defendants have no basis to affirm or deny the allegations contained in Paragraph 223, and therefore deny same.

224. Defendants have no basis to affirm or deny the allegations contained in Paragraph 224, and therefore deny same.

225. Denied.

226. Admitted.

227. Admitted.

228. Defendants have no basis to affirm or deny the allegations contained in Paragraph 228, and therefore deny same.

229. Defendants have no basis to affirm or deny the allegations contained in Paragraph 229, and therefore deny same.

230. Defendants have no basis to affirm or deny the allegations contained in Paragraph 230, and therefore deny same.

231. Denied.

232. Defendants have no basis to affirm or deny the allegations contained in Paragraph 232, and therefore deny same.

233. Defendants have no basis to affirm or deny the allegations contained in Paragraph 233, and therefore deny same.

234. Defendants have no basis to affirm or deny the allegations contained in Paragraph 234, and therefore deny same.

235. Defendants have no basis to affirm or deny the allegations contained in Paragraph 235, and therefore deny same.

236. Denied.

237. Denied.

238. Admitted.

239. Admitted that BU receives federal funds. The remaining allegations of Paragraph 239 assert legal conclusions to which a responsive pleading is not required.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. Denied.

246. Denied.

247. Denied.

## Count 1
### Plaintiff ERIN SHYR's Title IX Claim
### Against TRUSTEES OF BOSTON UNIVERSITY

248. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

249. Denied.

250. Denied.

251. Denied.

252. Denied.

253. Denied.

## Count 2
### Plaintiff MARIA CURRIE's Title IX Claim
### Against TRUSTEES OF BOSTON UNIVERSITY

254. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

255. Denied.

256. Denied.

257. Denied.

258. Denied.

259. Denied.

## Count 3
### Plaintiff ERIN SHYR's Negligent Hiring, Training, Supervision, and
### Retention Claim Against Defendant TRUSTEES OF BOSTON UNIVERSITY

260. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

261. Paragraph 261 asserts a conclusion of law to which a responsive pleading is not required.

262. Denied.

263. Denied.

264. Denied.

265. Defendants have no basis to affirm or deny the allegations contained in Paragraph 112, and therefore deny same.

## Count 4

### Plaintiff MARIA CURRIE's Negligent Hiring, Training, Supervision, and Retention Claim Against Defendant TRUSTEES OF BOSTON UNIVERSITY

266. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

267. Paragraph 267 asserts a conclusion of law to which a responsive pleading is not required.

268. Denied.

269. Denied.

270. Denied.

271. Defendants have no basis to affirm or deny the allegations contained in Paragraph 112, and therefore deny same.

## Count 5

### Plaintiff ERIN SHYR's Negligent Infliction of Emotional Distress Claim Against Defendant ERIC RUSKE

272. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

273. Denied.

274. Denied.

## Count 6

### Plaintiff MARIA CURRIE's Negligent Infliction of Emotional Distress Claim Against Defendant ERIC RUSKE

275. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

276. Denied.

277. Denied.

## Count 7

**Plaintiff ERIN SHYR's Intentional or Reckless Infliction of Emotional Distress Claim Against Defendant ERIC RUSKE**

278. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

279. Denied.

280. Denied.

281. Denied.

## Count 8

**Plaintiff MARIA CURRIE's Intentional or Reckless Infliction of Emotional Distress Claim Against Defendant ERIC RUSKE**

282. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

283. Denied.

284. Denied.

285. Denied.

## Count 9

**Plaintiff ERIN SHYR's Battery Claim Against Defendant ERIC RUSKE**

286. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

287. Denied.

## Count 10

**Plaintiff ERIN SHYR's Assault Claim Against Defendant ERIC RUSKE**

288. Defendants repeat and reassert the answers to the allegations contained in the preceding paragraphs of the Complaint and incorporate them by reference as if fully and completely set forth herein.

289. Denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Assertion of the following affirmative defenses is not intended to and does not alter the burden of proof with respect to any defense or affirmative defense, whether asserted below or not. Defendants reserve the right to assert any further affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint must be dismissed because it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs assumed the risk of the injuries and damages alleged, and therefore they have no right to recover damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Title IX claims fail because the University has proper policies and procedures in place to prevent and remedy claims of sex discrimination and actively enforces such policies and procedures.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Trustees of Boston University is a charitable corporation and any recovery by Plaintiff is limited by the provisions of M.G.L. chapter 231, § 85K.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged damages were not caused by the conduct alleged in the Complaint, and therefore they cannot recover from the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Any claims sounding in negligence are barred in whole or in part by Plaintiffs' comparative or contributory negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish a prima facie case of discrimination or retaliation on the basis of gender.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exercise reasonable diligence in mitigating, minimizing, or avoiding the damages, if any, alleged in the Complaint; accordingly, any recovery must be reduced by the amount of damages resulting from such failure.

### NINTH AFFIRMATIVE DEFENSE

Defendants deny that they or any of their employees engaged in any unlawful conduct, and stats that the Complaint fails to allege sufficient facts to support claims of liability.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for intentional infliction of emotional distress all fail as a matter of law because Defendants did not intend to inflict any harm and their conduct was not extreme or outrageous.

\*    \*    \*    \*    \*

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense by appropriate

motion.

WHEREFORE Defendants respectfully request that this Honorable Court:

a. DISMISS the Complaint with prejudice in its entirety;

b. AWARD Defendants their costs, including reasonable attorney's fees; and

c. GRANT such other relief to Defendants as this Court may deem just and appropriate.

## DEMAND FOR TRIAL BY JURY

Defendants request a trial by jury on all issues and claims so triable.

                        DEFENDANTS,
                        TRUSTEES OF BOSTON UNIVERSITY
                        and ERIC RUSKE,

                        By their attorneys,

                        /s/ Christine S. Collins
                        Lawrence S. Elswit (BBO #153900)
                        Christine S. Collins (BBO #639293)
                        Boston University
                        Office of the General Counsel
                        125 Bay State Road
                        Boston, Massachusetts 02215
                        (617) 353-2326
                        lelswit@bu.edu
                        cscoll@bu.edu

## **CERTIFICATE OF SERVICE**

I, Christine S. Collins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Date: April 3, 2017                    /s/ Christine S. Collins
                                                 Christine S. Collins