**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                    )
ERIN SHYR and MARIA CURRIE,                         )
                                                    )
   Plaintiffs,                       )
                                                    )
       v.       ) CIVIL ACTION NO. 1:16-cv-11124-DJC
                                                    )
TRUSTEES OF BOSTON UNIVERSITY                       )
and ERIC RUSKE,                                     )
                                                    )
   Defendants.                       )
_____)

## ANSWER TO AMENDED COMPLAINT

### INTRODUCTION

Defendant Trustees of Boston University ("the University") hereby responds to the numbered paragraphs in the Amended Complaint as follows, below.

1. Paragraph 1 asserts legal conclusions to which a responsive pleading is not required, but to the extent it contains allegations of fact, they are denied.

2. Admitted.

3. Admitted.

4. Defendant has no basis to affirm or deny the allegations contained in Paragraph 4, and therefore denies same.

5. Defendant has no basis to affirm or deny the allegations contained in Paragraph 5, and therefore denies same.

6. Admitted.

7. Admitted.

8. Defendant admits that the University has been the subject of an investigation by the Office for Civil Rights related to its compliance with Title IX, which commenced in December 2013, and denies the remaining allegations in Paragraph 8.

9. Denied.

10.     Denied.

11.     Denied.

12.     Admitted with respect to BU's sexual harassment policies. To the extent the allegations in Paragraph 12 refer to other policies, they are denied.

13.     Admitted.

14.     Admitted with respect to the new sexual harassment policy implemented as of January 2015. To the extent the allegations in Paragraph 14 refer to other policies, they are denied.

15.     Denied.

16.     Denied.

17.     Denied.

18(i).   Denied.

18(ii).  Admitted, with the clarification that the alleged assault did not occur on a "concert tour."

18(iii). Defendant has no basis to affirm or deny the allegations contained in Paragraph 18 (iii)., and therefore denies same.

18(iv)  Admitted.

18(v)   Defendant has no basis to affirm or deny the allegations contained in Paragraph 18 (v), and therefore denies same.

19.     Admitted with respect to the time period 2013 - 2014. To the extent the allegations in Paragraph 19 refer to other time periods, they are denied.

20.     Admitted that Sarah Bellott was the Student Services Coordinator, with the clarification that she was in the School of Music.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted, with the clarification that Ruske took the top prize at two such competitions, not three.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted that Ruske has received grants from several domestic grantmakers, including BU. The remaining allegations of Paragraph 32 are denied.

33.     Defendant has no basis to affirm or deny the allegations contained in Paragraph 33, and therefore denies same

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Denied.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Defendant has no basis to affirm or deny the allegations contained in Paragraph 42, and therefore denies same.

43.     Defendant has no basis to affirm or deny the allegations contained in Paragraph 43, and therefore denies same.

44.     Admitted, except that the allegation that Ruske "looked MARIA up and down" is denied.

45.     Defendant has no basis to affirm or deny the allegations contained in Paragraph 45, and therefore denies same.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     Admitted.

53.    Admitted.

54.    Admitted.

55.    Denied.

56.    Denied.

57.    Admitted that Plaintiff Currie ended the meeting. The remaining allegations in Paragraph 57 are denied.

58.    Admitted.

59.    Admitted.

60.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 60, and therefore denies same.

61.    Admitted.

62.    Admitted.

63.    Admitted that Plaintiff Currie sent Ruske a text message saying thank you. Defendant has no basis to affirm or deny the remaining allegations contained in Paragraph 63, and therefore denies same.

64.    Admitted.

65.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 65, and therefore denies same.

66.    Admitted.

67.    Admitted.

68.    Admitted.

69.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 69, and therefore denies same.

70.    Denied.

71.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 71, and therefore denies same.

72.    Admitted.

73.    Admitted.

74.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 74, and therefore denies same.

75.    Denied.

76. Defendant admits that Ruske sent a text message as described, and deny that the message constituted an acknowledgement of inappropriate comments.

77. Admitted.

78. Admitted.

79. Admitted.

80. Defendant has no basis to affirm or deny the allegations contained in Paragraph 80, and therefore denies same.

81. Denied.

82. Defendant has no basis to affirm or deny the allegations contained in Paragraph 82, and therefore denies same.

83. Defendant admits that Bellott met with Plaintiff Currie at some point in time. Defendant has no basis to affirm or deny the remaining allegations contained in Paragraph 83, and therefore denies same.

84. Denied.

85. Denied.

86. Defendant has no basis to affirm or deny the allegations contained in Paragraph 86, and therefore denies same.

87. Admitted.

88. Admitted.

89. Admitted.

90. Denied.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted.

95. Admitted.

96. Admitted.

97. Admitted.

98. Admitted.

99. Admitted.

100. Admitted.

101.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 101, and therefore denies same.

102.    Denied.

103.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 103, and therefore denies same.

104.    Admitted.

105.    Admitted.

106.    Admitted that Plaintiff Shyr sent the quoted email. Defendant has no basis to affirm or deny the remaining allegations contained in Paragraph 106, and therefore denies same.

107.    Defendant admits that Ruske sent an email as described, and deny that the email constituted an acknowledgement of inappropriate behavior.

108.    Denied.

109.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 109, and therefore denies same.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Admitted.

114.    Paragraph 114 references a document which speaks for itself. To the extent that Paragraph 114 contains allegations that are inconsistent therewith, they are denied.

115.    Admitted.

116.    Admitted.

117.    Defendant admits that Ruske sent a text message as described, and deny that the message constituted an acknowledgement of inappropriate behavior.

118.    Paragraph 118 references a document which speaks for itself. To the extent that Paragraph 118 contains allegations that are inconsistent therewith, they are denied.

119.    Admitted.

120.    Denied.

121.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 121, and therefore denies same.

122. Defendant has no basis to affirm or deny the allegations contained in Paragraph 122, and therefore denies same.

123. Defendant has no basis to affirm or deny the allegations contained in Paragraph 123, and therefore denies same.

124. Defendant has no basis to affirm or deny the allegations contained in Paragraph 124, and therefore denies same.

125. Defendant has no basis to affirm or deny the allegations contained in Paragraph 125, and therefore denies same.

126. Defendant has no basis to affirm or deny the allegations contained in Paragraph 126, and therefore denies same.

127. Defendant has no basis to affirm or deny the allegations contained in Paragraph 127, and therefore denies same.

128. Defendant has no basis to affirm or deny the allegations contained in Paragraph 128, and therefore denies same.

129. Defendant has no basis to affirm or deny the allegations contained in Paragraph 129, and therefore denies same.

130. Defendant admits that Plaintiff Shyr emailed Mitro on April 8, 2014, and denies the remaining allegations in Paragraph 130.

131. Admitted.

132. Admitted.

133. Admitted, with the clarification that this meeting took place on April 18, 2014.

134. Admitted that Plaintiff Shyr met with Mitro and Druckman on April 18, 2014. The remaining allegations of Paragraph 134 are denied.

135. Denied.

136. Defendant has no basis to affirm or deny the allegations contained in Paragraph 136, and therefore denies same.

137. Defendant has no basis to affirm or deny the allegations contained in Paragraph 137, and therefore denies same.

138. Denied.

139. Denied.

140. Admitted.

141.    Denied.

142.    Admitted.

143.    Admitted.

144.    Admitted.

145.    Paragraph 145 references a document which speaks for itself. To the extent that Paragraph 145 contains allegations that are inconsistent therewith, they are denied.

146.    Paragraph 146 references a document which speaks for itself. To the extent that Paragraph 146 contains allegations that are inconsistent therewith, they are denied.

147.    Paragraph 147 references a document which speaks for itself. To the extent that Paragraph 147 contains allegations that are inconsistent therewith, they are denied.

148.    Paragraph 148 references a document which speaks for itself. To the extent that Paragraph 148 contains allegations that are inconsistent therewith, they are denied.

149.    Paragraph 149 references a document which speaks for itself. To the extent that Paragraph 149 contains allegations that are inconsistent therewith, they are denied.

150.    Paragraph 150 references a document which speaks for itself. To the extent that Paragraph 150 contains allegations that are inconsistent therewith, they are denied.

151.    Paragraph 151 references a document which speaks for itself. To the extent that Paragraph 151 contains allegations that are inconsistent therewith, they are denied.

152.    Admitted.

153.    Admitted that Plaintiff Shyr contacted Mitro on or about April 8, 2014, to set up a time to meet. Defendant has no basis to affirm or deny the remaining allegations contained in Paragraph 153, and therefore denies same.

154.    Admitted that Plaintiff Shyr expressed concerns for her grade. Defendant has no basis to affirm or deny the remaining allegations contained in Paragraph 154, and therefore denies same.

155.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 155, and therefore denies same.

156.    Denied.

157.    Denied.

158.    Denied.

159. Defendant has no basis to affirm or deny the allegations contained in Paragraph 159, and therefore denies same.

160. Admitted.

161. Admitted.

162. Admitted.

163. Defendant admits that Cornell reviewed the grades and informed Plaintiff Shyr that she had received the appropriate grade. The remaining allegations in Paragraph 163 are denied.

164. Denied.

165. Defendant admits that Professor Roe contacted Cornell about Plaintiff Shyr, and deny the remaining allegations in Paragraph 165.

166. Denied.

167. Admitted.

168. Admitted.

169. Denied.

170. Admitted that Plaintiff Currie contacted Dean of Students Kenneth Elmore in July 2014. The remaining allegations in Paragraph 170 are denied.

171. Admitted.

172. Admitted that Plaintiff Currie provided text messages and emails. The remaining allegations in Paragraph 172 are denied.

173. Admitted.

174. Admitted that Elmore referred Plaintiff Currie to Randall. The remaining allegations in Paragraph 174 are denied.

175. Admitted, with the clarification that the contact occurred on July 11, 2014.

176. Admitted that Mitro and Druckman met with Plaintiff Currie on July 17, 2014. The remaining allegations in Paragraph 176 are denied.

177. Admitted that Plaintiff Currie provided text messages and emails. The remaining allegations in Paragraph 177 are denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Admitted that Mitro and Druckman told Plaintiff Currie that they would follow up with Ruske. The remaining allegations in Paragraph 182 are denied.

183. Defendant has no basis to affirm or deny the allegations contained in Paragraph 183, and therefore denies same.

184. Admitted that Plaintiff Shyr contacted Randall. Defendant has no basis to affirm or deny the remaining allegations contained in Paragraph 184, and therefore denies same.

185. Denied.

186. Admitted. To the extent that Paragraph 186 alleges that their complaints were "consolidated," this allegation is denied.

187. Denied.

188. Admitted.

189. Admitted that BU selected Lynne Allen as Interim Dean of the CFA. The remaining allegations of Paragraph 189 are denied.

190. Admitted that Allen contacted Plaintiff Shyr in the spring of 2015. The remaining allegations in Paragraph 190 are denied.

191. Admitted that Allen and Plaintiff Shyr spoke on the telephone in June 2015.

192. Admitted.

193. Denied.

194. Denied.

195. Denied.

196. Admitted that Plaintiff Shyr told Allen that Ruske had had a consensual relationship with a masters student. The remaining allegations in Paragraph 196 are denied.

197. Admitted.

198. Admitted.

199. Defendant has no basis to affirm or deny the allegations contained in Paragraph 199, and therefore denies same.

200. Defendant has no basis to affirm or deny the allegations contained in Paragraph 200, and therefore denies same.

201. Defendant has no basis to affirm or deny the allegations contained in Paragraph 201, and therefore denies same.

202.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 202, and therefore denies same.

203.    Admitted that Plaintiff Shyr requested a meeting with Allen. The remaining allegations in Paragraph 203 are denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Admitted.

211.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 268, and therefore denies same.

212.    Admitted that ERIN performed in a BU orchestra, with the clarification that rehearsals were scheduled sometimes at 855 Commonwealth Avenue and sometimes at Tsai Performance Center, 685 Commonwealth Avenue. Denied that "harassment" took place.

213.    Admitted.

214.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 268, and therefore denies same.

215.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 268, and therefore denies same.

216.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 268, and therefore denies same.

217.    Admitted.

218.    Admitted.

219.    Admitted.

220.    Admitted.

221.    Paragraph 221 references a document which speaks for itself. To the extent that Paragraph 221 contains allegations that are inconsistent therewith, they are denied.

222.    Paragraph 222 references a document which speaks for itself. To the extent that Paragraph 222 contains allegations that are inconsistent therewith, they are denied.

223.    Denied.

224.    Denied.

225.    Paragraph 225 references a document which speaks for itself. To the extent that Paragraph 225 contains allegations that are inconsistent therewith, they are denied.

226.    Admitted.

227.    Admitted.

228.    Admitted.

229.    Admitted.

230.    Admitted.

231.    Denied.

232.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 232, and therefore denies same.

233.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 233, and therefore denies same.

234.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 234, and therefore denies same.

235.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 235, and therefore denies same.

236.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 236, and therefore denies same.

237.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 237, and therefore denies same.

238.    Admitted.

239.    Admitted.

240.    Admitted.

241.    Denied.

242.    Admitted.

243.    Paragraph 243 references a document which speaks for itself. To the extent that Paragraph 243 contains allegations that are inconsistent therewith, they are denied.

244.    Admitted.

245.    Admitted.

246.     Paragraph 246 references a document which speaks for itself. To the extent that Paragraph 246 contains allegations that are inconsistent therewith, they are denied.

247.     Paragraph 247 references a document which speaks for itself. To the extent that Paragraph 247 contains allegations that are inconsistent therewith, they are denied.

248.     Paragraph 248 references a document which speaks for itself. To the extent that Paragraph 248 contains allegations that are inconsistent therewith, they are denied.

249.     Defendant has no basis to affirm or deny the allegations contained in Paragraph 249, and therefore denies same.

250.     Admitted.

251.     Denied.

252.     Denied.

253.     Paragraph 253 references a document which speaks for itself. To the extent that Paragraph 253 contains allegations that are inconsistent therewith, they are denied.

254.     Admitted.

255.     Denied.

256.     Admitted.

257.     Denied.

258.     Denied.

259.     Denied.

260.     Denied.

261.     Admitted, with the clarification that Ruske is currently Director of the Horn Workshop.

262.     Admitted that Ruske attracts grant money and enjoys an international reputation of excellence as a musician. The remaining allegations in Paragraph 262 are denied.

263.     Denied.

264.     Denied.

265.     Denied.

266.     Denied.

267.     Denied.

268.     Defendant has no basis to affirm or deny the allegations contained in Paragraph 268, and therefore denies same.

269. Denied.

270. Denied.

271. Defendant has no basis to affirm or deny the allegations contained in Paragraph 271, and therefore denies same.

272. Defendant has no basis to affirm or deny the allegations contained in Paragraph 272, and therefore denies same.

273. Defendant has no basis to affirm or deny the allegations contained in Paragraph 273, and therefore denies same.

274. Denied.

275. Admitted.

276. Admitted.

277. Defendant has no basis to affirm or deny the allegations contained in Paragraph 277, and therefore denies same.

278. Defendant has no basis to affirm or deny the allegations contained in Paragraph 278, and therefore denies same.

279. Defendant has no basis to affirm or deny the allegations contained in Paragraph 279, and therefore denies same.

280. Denied.

281. Defendant has no basis to affirm or deny the allegations contained in Paragraph 281, and therefore denies same.

282. Defendant has no basis to affirm or deny the allegations contained in Paragraph 282, and therefore denies same.

283. Defendant has no basis to affirm or deny the allegations contained in Paragraph 283, and therefore denies same.

284. Defendant has no basis to affirm or deny the allegations contained in Paragraph 284, and therefore denies same.

285. Denied.

286. Denied.

287. Admitted.

288. Admitted that BU receives federal funds. The remaining allegations of Paragraph 288 assert legal conclusions to which a responsive pleading is not required.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

## Count 1

### Plaintiff ERIN SHYR's Title IX Claim

### Against TRUSTEES OF BOSTON UNIVERSITY

297.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

## Count 2

### Plaintiff MARIA CURRIE's Title IX Claim

### Against TRUSTEES OF BOSTON UNIVERSITY

303.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Denied.

**Count 3**

**Plaintiff ERIN SHYR's Negligent Hiring, Training, Supervision, and**

**Retention Claim Against Defendant TRUSTEES OF BOSTON UNIVERSITY**

309.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

310.    Paragraph 310 asserts a conclusion of law to which a responsive pleading is not required.

311.    Denied.

312.    Denied.

313.    Denied.

314.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 314, and therefore denies same.

**Count 4**

**Plaintiff MARIA CURRIE's Negligent Hiring, Training, Supervision, and**

**Retention Claim Against Defendant TRUSTEES OF BOSTON UNIVERSITY**

315.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

316.    Paragraph 316 asserts a conclusion of law to which a responsive pleading is not required.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 320, and therefore denies same.

**Count 5**

**Plaintiff ERIN SHYR's Negligent Infliction of Emotional Distress**

**Claim Against Defendant ERIC RUSKE**

321.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

322.    Count 5 is asserted against a Defendant other than the University; therefore no answer is required.

323.    Count 5 is asserted against a Defendant other than the University; therefore no answer is required.

**Count 6**

**Plaintiff MARIA CURRIE's Negligent Infliction of Emotional Distress**

**Claim Against Defendant ERIC RUSKE**

324.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

325.    Count 6 is asserted against a Defendant other than the University; therefore no answer is required.

326.    Count 6 is asserted against a Defendant other than the University; therefore no answer is required.

**Count 7**

**Plaintiff ERIN SHYR's Intentional or Reckless Infliction of**

**Emotional Distress Claim Against Defendant ERIC RUSKE**

327.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

328.    Count 7 is asserted against a Defendant other than the University; therefore no answer is required.

329.    Count 7 is asserted against a Defendant other than the University; therefore no answer is required.

330.     Count 7 is asserted against a Defendant other than the University; therefore no answer is required.

## Count 8

### Plaintiff MARIA CURRIE's Intentional or Reckless Infliction of
### Emotional Distress Claim Against Defendant ERIC RUSKE

331.     Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

332.     Count 8 is asserted against a Defendant other than the University; therefore no answer is required.

333.     Count 8 is asserted against a Defendant other than the University; therefore no answer is required.

334.     Count 8 is asserted against a Defendant other than the University; therefore no answer is required.

## Count 9

### Plaintiff ERIN SHYR's Battery Claim Against Defendant ERIC RUSKE

335.     Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

336.     Count 9 is asserted against a Defendant other than the University; therefore no answer is required.

## Count 10

### Plaintiff ERIN SHYR's Assault Claim Against Defendant ERIC RUSKE

337.     Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

338.     Count 10 is asserted against a Defendant other than the University; therefore no answer is required.

## Count 11

## Plaintiff ERIN SHYR's Mass. Gen. L. c. 214 § 1C Claim Against
## Defendant TRUSTEES OF BOSTON UNIVERSITY

339.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

340.    Admitted.

341.    Paragraph 341 asserts a conclusion of law to which a responsive pleading is not required.

342.    Denied.

343.    Denied.

344.    Denied.

## Count 12

## Plaintiff MARIA CURRIE's Mass. Gen. L. c. 214 § 1C Claim Against
## Defendant TRUSTEES OF BOSTON UNIVERSITY

345.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporatess them by reference as if fully and completely set forth herein.

346.    Admitted.

347.    Paragraph 347 asserts a conclusion of law to which a responsive pleading is not required.

348.    Denied.

349.    Denied.

350.    Denied.

## Count 13

## Plaintiff ERIN SHYR's Section 504 of the Rehabilitation Act, 29 U.S.C. 794 Claim Against
## Defendant TRUSTEES OF BOSTON UNIVERSITY

351.    Defendant repeats and reasserts the answers to the allegations contained in the preceding paragraphs of the Amended Complaint and incorporates them by reference as if fully and completely set forth herein.

352.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 352, and therefore denies same.

353.    Defendant has no basis to affirm or deny the allegations contained in Paragraph 353, and therefore denies same.

354.    Denied.

355.    Denied.

356.    Denied.

357.    Denied.

358.    Denied.


## DEFENDANT'S AFFIRMATIVE DEFENSES

Assertion of the following affirmative defenses is not intended to and does not alter the burden of proof with respect to any defense or affirmative defense, whether asserted below or not.  Defendant reserves the right to assert any further affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint must be dismissed because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs assumed the risk of the injuries and damages alleged, and therefore they have no right to recover damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Title IX claims fail because the University has proper policies and procedures in place to prevent and remedy claims of sex discrimination and actively enforces such policies

and procedures.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Trustees of Boston University is a charitable corporation and any recovery by Plaintiff is limited by the provisions of M.G.L. chapter 231, § 85K.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged damages were not caused by the conduct alleged in the Amended Complaint, and therefore they cannot recover from the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Any claims sounding in negligence are barred in whole or in part by Plaintiffs' comparative or contributory negligence.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish a prima facie case of discrimination or retaliation on the basis of gender.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exercise reasonable diligence in mitigating, minimizing, or avoiding the damages, if any, alleged in the Amended Complaint; accordingly, any recovery must be reduced by the amount of damages resulting from such failure.

## NINTH AFFIRMATIVE DEFENSE

Defendant denies that they or any of their employees engaged in any unlawful conduct,

and stats that the Amended Complaint fails to allege sufficient facts to support claims of liability.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for intentional infliction of emotional distress all fail as a matter of law because Defendants did not intend to inflict any harm and their conduct was not extreme or outrageous.

* * * * *

Defendant hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense by appropriate motion.

WHEREFORE Defendant respectfully requests that this Honorable Court:

a.    DISMISS the Amended Complaint with prejudice in its entirety;

b.    AWARD Defendant their costs, including reasonable attorney's fees; and

c.    GRANT such other relief to Defendant as this Court may deem just and

appropriate.

DEMAND FOR TRIAL BY JURY

Defendant requests a trial by jury on all issues and claims so triable.

DEFENDANT,
TRUSTEES OF BOSTON UNIVERSITY

By its attorneys,


 /s/ Christine S. Collins
Lawrence S. Elswit (BBO #153900)
Christine S. Collins (BBO #639293)
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts  02215
(617) 353-2326
lelswit@bu.edu
cscoll@bu.edu


**CERTIFICATE OF SERVICE**

I, Christine S. Collins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


Date:  September 29, 2017          /s/ Christine S. Collins
                                   Christine S. Collins